IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN EAGLE OUTFITTERS, INC.
and RETAIL ROYALTY COMPANY,

                Plaintiffs,

Vs.

AMERICAN CAB COMPANY, LLC

                Defendant.

Case No. 2:13-cv-104

Judge:

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff American Eagle Outfitters, Inc. and Retail Royalty Company, by their attorneys, for their Complaint, allege as follows:

### The Parties

1.     Plaintiff American Eagle Outfitters, Inc. ("AEO") is a Delaware corporation having a principal place of business at 77 Hot Metal Street, Pittsburgh, Pennsylvania 15203.

2.     Plaintiff Retail Royalty Company ("Retail Royalty") is a Nevada corporation having a principal place of business at 101 Convention Center Drive, Las Vegas, Nevada 89109. Retail Royalty is a wholly-owned subsidiary of AEO.

3.     On information and belief, defendant American Cab Company, LLC ("American Cab") is an Ohio limited liability company with a place of business at 1417 Oakland Park Avenue, Columbus, Ohio 43224, and the defendant has committed in this judicial district the tortious acts complained of herein.

1

<u>**Jurisdiction**</u>

4.      This is an action for copyright infringement arising under the copyright laws of the United States, Title 17, United States Code, and for trademark infringement, dilution, and false advertising arising under the trademark laws of the United States, Title 15, United States Code, as well as related state law claims for common law trademark infringement, unfair competition, and deceptive trade practices arising under the statutory and common law of the State of Ohio.  Federal question jurisdiction is conferred pursuant to U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).  Jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

<u>**AEO and Its Flying Eagle Design**</u>

5.      AEO is a leading retailer that designs, markets and sells its own brand of casual, current clothing accessories and basics targeting 15 to 25 year-olds, providing high-quality merchandise at affordable prices at **American Eagle Outfitters** retail stores and on its website, www.ae.com.  AEO opened its first **American Eagle Outfitters** retail store in the United States in 1977, and now operates over 900 retail stores throughout the United States, and Canada, and through its franchise partners, operates stores in Kuwait, Israel, Saudi Arabia, Lebanon, Jordan, Morocco, Egypt, Russia, China, Hong Kong and the UAE.  Over the past thirty years, the American Eagle Outfitters brand has achieved strong consumer recognition and good will, and it currently ships products to more than 75 countries worldwide.

6.      Since 1977, AEO has sold billions of dollars worth of products under the **American Eagle Outfitters** Marks.  Sales for various goods bearing the **American Eagle Outfitters** Marks worldwide over the past ten years are estimated at over $20 Billion, including over $3.0 Billion in 2011 alone.

7.    Beginning in the Fall of 2003, AEO designed and began using a distinctive flying American Eagle design, shown to the right; a design that ties closely with the famous "American Eagle" brand (the "AEO Flying Eagle Design").



8.    Since AEO designed the AEO Flying Eagle Design, it has used that design on virtually all of its products, in its advertising and promotional activities, and on and in many of its stores. Further, as shown in the photographs to the right and below, is prominently displayed on AEO's corporate headquarters in Pittsburgh, Pennsylvania (right) and above its store at Times Square, New York (below).



9.    AEO is the owner of all rights, title and interested in U.S. Copyright No. VA 1-622-340 registered on October 19, 2007, entitled "Flying Eagle", which is directed to the AEO Flying Eagle Design.  A copy of U.S. Copyright Registration No. VA 1-622-340, along with a certified copy of the work that is the subject thereof, is attached hereto as Exhibit 1.

10.    Since AEO designed and adopted the AEO Flying Eagle Design in 2003, it has also used that design as a trademark and service mark, identifying the products and services with which the design is used as emanating from AEO.   All of the trademark rights of AEO, including the AEO Flying Eagle Design mark, are owned by AEO's wholly-owned subsidiary Retail Royalty, which licenses the use of those trademark rights to AEO and its various wholly-owned operating companies.

11.    Retail Royalty is the owner of the following United States trademark and service mark registrations for the AEO Flying Eagle Design:

U.S. Reg. No. 3,657,727, registered July 21, 2009 in Class 36 for financial services, namely, issuing stored value cards that may be redeemed for the purchase of goods;

U.S. Reg. No. 3,823,636, registered July 27, 2010 in Class 14 for jewelry;

U.S. Reg. No. 3,824,256, registered July 27, 2010 in Class 36 for financial, financially-related, electronic and online-implemented financial, and card-implemented services, namely, charge card services and credit card services;

U.S. Reg. No. 3,878,197, registered November 16, 2010 in Class 3 for after-shave lotions, body cream, cologne, perfume, liquid soaps for hand, face, and body; in Class 18 for athletic bags, backpacks, barrel bags, beach bags, book bags, duffel bags, shoulder bags, tote bags, clutch purses, coin purses, drawstring pouches, handbags, purses, and wallets; in Class 25 for clothing and accessories, namely, blazers, vests, sweaters, turtleneck sweaters, skirts, pants, jeans, shorts, shirts, t-shirts, blouses, polo shirts, rugby shirts, sweatshirts, sweatpants, swimwear, sleepwear, underwear, namely, boxer shorts, shell bra tanks, and undershirts, outerwear, namely, jackets, vests, coats, pea coats, gloves, scarves, belts, footwear, namely, socks, shoes, slippers, leather boots, sandals, flipflops, sneakers, clogs and slides; canvas shoes, headwear, namely, hats, caps, baseball caps, visors, headbands; and Class 35 for retail store services, computerized online retail store services, and phone order services all featuring a wide range of goods in the nature of fragrances, personal care goods; sunglasses; jewelry and wristwatches; a wide range of bags and wallets, handbags, purses, shoulder bags, school bags, backpacks, duffle bags; and wearing apparel and clothing accessories, namely, clothing, headwear and footwear;

4

U.S. Reg. No. 3,952,378, registered April 26, 2011 in Class 38 for telecommunication services, namely, electronic, electric and digital transmission of text, images, data, pictures and information via wireless networks, electronic transmission of text, images, data and information by means of telephones, cellular telephones, digital cellular telephones, mobile telephones, wireless telephones and handheld units, namely, personal computers and digital assistants (PDAs);

U.S. Reg. No. 3,957,930, registered May 10, 2011 in Class 9 for sunglasses;

U.S. Reg. No. 3,957,932, registered May 10, 2011 in Class 3 for candy

U.S. Reg. No. 4,150,220, registered May 29, 2012 in Class 9 for downloadable software in the nature of a mobile device application providing customers an enhanced shopping experience featuring trend information, product reviews and recommendations, special offers and loyalty program points and the ability to scan products for purchase; and

U.S. Reg. No. 4,211,377, registered September 18, 2012 in class 9 for ear buds.

Certified copies of the above-identified registrations are attached as Exhibit 2, and each of these

registrations is valid and subsisting.

12.    In addition to the above U.S. trademark and service mark registrations, Retail

Royalty is also the owner of the following U.S. trademark and service marks that incorporate the

AEO Flying Eagle Design as a part of the mark:

**AMERICAN EAGLE OUTFITTERS**
**OFF♥CAMPUS**

U.S. Reg. No. 4,206,937, registered September 11, 2012 in Class 35 for retail store and on-line retail store services featuring clothing, clothing accessories, headwear, footwear, sunglasses, fragrances, jewelry, watches, headphones, bags, backpacks, umbrellas, wallets, purses and key chains;

**AMERICAN EAGLE OUTFITTERS** **OFF♥CAMPUS**

U.S. Reg. No. 4,206,938, registered September 11, 2012 in Class 35 for retail store and on-line retail store services featuring clothing, clothing accessories, headwear, footwear, sunglasses, fragrances, jewelry, watches, headphones, bags, backpacks, umbrellas, wallets, purses and key chains;

5



U.S. Reg. No. 4,219,224, registered October 2, 2012 in Class 9 for ear buds;



U.S. Reg. No. 4,257,728, registered December 11, 2012 in Class 9 for ear buds

# AEO ✗ FACTORY STORE

U.S. Reg. No. 4,257,752, registered December 11, 2012 in Class 35 for on-line retail store services featuring a wide variety of consumer goods, including clothing, clothing accessories, footwear, headwear, sunglasses, jewelry, watches, bags, purses, wallets, electronics, cosmetics, toiletries, fragrances, and personal care products; Retail store services featuring a wide variety of consumer goods, including clothing, clothing accessories, footwear, headwear, sunglasses, jewelry, watches, bags, purses, wallets, electronics, cosmetics, toiletries, fragrances, and personal care products; and



U.S. Reg. No. 4,257,787, registered December 11, 2012 in Class 35 for on-line retail store services featuring a wide variety of consumer goods, namely, clothing, clothing accessories, footwear, headwear, sunglasses, jewelry, watches, bags, purses, wallets, electronics, cosmetics, toiletries, fragrances, and personal care products; Retail store services featuring a wide variety of consumer goods, namely, clothing, clothing accessories, footwear, headwear, sunglasses, jewelry, watches, bags, purses, wallets, electronics, cosmetics, toiletries, fragrances, and personal care products.

Certified copies of the above-identified registrations are attached as Exhibit 3, and each of these registrations is valid and subsisting.  The registrations included in Exhibits 2 and 3 are referred to collectively as the AEO Flying Eagle Design Marks.

13.     From 2003 to today, AEO's various wholly-owned operating companies have sold and provided billions of dollars in clothing, accessories and services, and spent tens of millions of dollars promoting those products and services, under the AEO Flying Eagle Design Marks throughout the United States and in the State of Ohio.  As a result of this long and widespread sale and provision of goods and services, and extensive promotion and advertising engaged in by AEO and its operating companies, the AEO Flying Eagle Design Marks have become well known to the public, and Retail Royalty, through its licensee AEO, has established extensive good will, public recognition, and secondary meaning for the AEO Flying Eagle Design Marks as an exclusive identification of AEO in the United States and the State of Ohio.  As a result of the activities of AEO and its operating companies, the distinctive AEO Flying Eagle Design Marks have become famous from a time prior to that activities of American Cab alleged herein.

### Defendant's Activities

14.     AEO recently learned that American Cab has blatantly misappropriated AEO's copyrighted AEO Flying Eagle Design and the AEO Flying Eagle Design Marks, and is using them on the sides of taxi-cabs in Columbus, Ohio, to take the benefit of AEO's copyrighted design and to confuse consumers into believing that American Cab's taxi services are licensed by, sponsored by affiliated with, or connected to AEO and/or Retail Royalty.

15.     An example of American Cab's deliberate copying of AEO's copyrighted AEO Flying Eagle Design and used of that design as a trademark is exemplified by a photograph of

one of American Cab's taxi-cabs reproduced to the right, and attached hereto as Exhibit 4, that prominently includes the AEO Flying Eagle Design below the words "American Cab".



16.     On August 13, 2012, counsel for AEO sent a letter to American Cab demanding that it cease infringing AEO's copyrights and trademark rights, a copy of which is attached as Exhibit 5. That letter was initially sent by Federal Express, signature required, to both the listed Ohio statutory agent for American Cab and directly to American Cab. The copy to the statutory agent was accepted, but after several delivery attempts the copy to American Cab directly was returned on the basis that the recipient (American Cab) refused to sign. The demand letter was then sent to American Cab without a signature requirement, but was again returned on the basis that the recipient refused to accept it. Counsel for AEO then sent the demand letter to American Cab on by regular U.S. first class mail on September 24, 2012. Copy of the transmittal letter for the regular mail copy is attached as Exhibit 6. AEO received no response to the demand letter, and American Cab has continued to use the AEO Flying Eagle Design on taxi-cabs.

17.     American Cab copied, reproduced and is displaying on its taxi-cabs the copyrighted AEO Flying Eagle Design without the authorization or permission of AEO.

18.     American Cab's unlawful acts have occurred, and are continuing to occur, in this district, and were directed to cause, have caused, and are continuing to cause, injury to AEO and Retail Royalty within this district. Consumers who encounter American Cab's unauthorized use of the AEO Flying Eagle Design Marks in association with taxi services, and particularly in combination with the word "American", believe that American Cab and its services are related to

8

AEO/Retail Royalty, licensed or approved by, or associated or affiliated with AEO/Retail Royalty, when this is not the case.

19.　　The effect of American Cab's acts is to harm AEO and Retail Royalty, and their business reputations, and to dilute and diminish the value of the AEO Flying Eagle Design Marks. American Cab's actions also confuse or are likely to confuse consumers who purchase its services into believing that those services come from or are approved by AEO/Retail Royalty.

20.　　The use by American Cab of the AEO Flying Eagle Design Marks in connection with transportation services, as described above, is likely to cause confusion, or to cause mistake, or to deceive the relevant public and the trade, such that the relevant public and the trade are likely to believe that American Cab and its services originate with or are related to AEO/Retail Royalty, or are licensed by, sponsored or approved by, connected with, or associated or affiliated with AEO/Retail Royalty, when this is not the case.

21.　　The use by American Cab of the AEO Flying Eagle Design Marks in connection with transportation services, as described above, is likely to dilute by blurring the distinctiveness of the AEO Flying Eagle Design Marks, and to dilute by tarnishment the AEO Flying Eagle Marks by harming the reputation of those marks.

22.　　As a result of the aforesaid acts by American Cab, AEO and Retail Royalty have suffered and continue to suffer substantial damage and irreparable injury. AEO and Retail Royalty have no adequate remedy by law, and unless American Cab is restrained and enjoined by the Court, said acts will continue and will continue to cause damage and irreparable injury to AEO and Retail Royalty, and to damage AEO's and retail Royalty's goodwill and business reputation.  AEO and Retail Royalty cannot ascertain the precise amount of its damages at this time.

## COUNT I
### (Copyright Infringement)

23.     The allegations of paragraphs 1-22 are incorporated by reference as though fully set forth herein.

24.     The AEO Flying Eagle Design is an original design and copyrightable subject matter under the laws of the United States.

25.     AEO has complied with all the applicable requirements of the Copyright Act to secure its rights in and to  U.S. Copyright Registration No. VA 1-622-340 for the AEO Flying Eagle Design.

26.     American Cab has reproduced an exact copy of the AEO Flying Eagle Design on taxi-cabs without the authorization or permission of AEO and, on information and belief, American Cab used the AEO Flying Eagle Design willfully and with knowledge that it was a design of AEO.

27.     By its actions, American Cab has infringed and will continue to infringe U.S. Copyright Registration No. VA 1-622-340 for the AEO Flying Eagle Design.

28.     American Cab's acts of copyright infringement, and the threat of continuing infringement, has caused, and will continue to cause, AEO repeated and irreparable injury. AEO's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by American Cab. Therefore, Plaintiff is entitled to an injunction restraining American Cab, its officers, directors, agents, employees, subsidiaries, representatives and assigns, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws, pursuant to 17 U.S.C. § 502.

29.     As a direct and proximate result of American Cab's infringement of U.S. Copyright Registration No. VA 1-622-340, AEO is entitled to an award of its actual monetary

damages and an accounting and award of American Cab's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b) or, alternatively, AEO is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c).

## COUNT II
### (Federal Trademark and Service Mark Infringement)

30.     The allegations of paragraphs 1-29 are incorporated by reference as though fully set forth herein.

31.     American Cab's use of the AEO Flying Eagle Design, alone or in combination with the word "American", is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of American Cab's services and related commercial activities constitutes an infringement of AEO's trademark and service mark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and American Cab's actions are likely to confuse and deceive members of the consuming public.

32.     AEO and Retail Royalty have no adequate remedy at law, and American Cab's actions have caused AEO and Retail Royalty to suffer monetary damage in an amount thus far not determined.

33.     As a direct and proximate result of American Cab's infringement of AEO's trademark and service mark rights, AEO and Retail Royalty are entitled to an award of their damages (trebled in view of the willful infringement by American Cab), an accounting and award of American Cab's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a).

34.     The actions of American Cab in willfully infringing AEO 's and Retail Royalty's trademark and service mark rights renders this an exceptional case entitling AEO and Retail Royalty to an award of their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
## (False Designation of Origin)

35.     The allegations of paragraphs 1-34 are incorporated by reference as though fully set forth herein.

36.     American Cab's use of the AEO Flying Eagle Design, alone or in combination with the word "American", in connection with providing taxi-cab services tends falsely to represent or designate that the services of American Cab are licensed, sponsored by, and/or otherwise affiliated with AEO/Retail Royalty, when in fact American Cab has no connection with or authorization from AEO or Retail Royalty.  This constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), which is likely to damage AEO and Retail Royalty, for which AEO and Retail Royalty are without an adequate remedy at law, and has caused AEO and Retail Royalty to suffer monetary damage in an amount thus far not determined.

37.     As a direct and proximate result of American Cab's falsely designating the origin of its transportation services, AEO and Retail Royalty are entitled to an award of their damages (trebled in view of the willful conduct by American Cab), an accounting and award of American Cab's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a).

38.     The actions of American Cab in willfully falsely designating the origin of its transportation services renders this an exceptional case entitling AEO and Retail Royalty to an award of their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV
## (Federal Law Dilution)

39.     The allegations of paragraphs 1-38 are incorporated by reference as though fully set forth herein.

12

40.     The AEO Flying Eagle Design Marks identified in above paragraphs 11 and 12 are distinctive and recognized nationally and in the State of Ohio by the public in connection with the provision of a variety of consumer products and services.

41.     As a result of continuous and extensive use and advertising by AEO, AEO's operating companies and/or Retail Royalty of goods and services under the AEO Flying Eagle Design Marks, the AEO Flying Eagle Design marks have become famous since a time before American Cab began using the design.

42.     The flying eagle design used by American Cab on taxi-cabs in commerce will cause dilution nationally and in the State of Ohio of the distinctive quality of AEO's/Retail Royalty's famous AEO Flying Eagle Design Marks, and will cause tarnishment nationally and in the State of Ohio of the reputation of the AEO Flying Eagle Design Marks all in violation of 15 U.S.C. § 1125(c).

43.     Upon information and belief, American Cab has willfully used and continues to use the AEO Flying Eagle Design Marks on taxi-cabs knowing that such use dilutes the distinctive quality, and tarnishes the reputation, of AEO's/Retail Royalty's famous AEO Flying Eagle Design Marks.  AEO and Retail Royalty are entitled to an award of their damages (trebled in view of the willful conduct by American Cab), an accounting and award of American Cab's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a).

44.     The acts of American Cab in willfully diluting the AEO Flying Eagle Marks renders this an exceptional case entitling AEO and Retail Royalty to an award of their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT V
## (State Law Dilution)

45.    The allegations of paragraphs 1-44 are incorporated by reference as though fully set forth herein.

46.    The AEO Flying Eagle Design Marks identified in above paragraphs 11 and 12 are distinctive and recognized nationally and in the State of Ohio by the public in connection with the provision of a variety of consumer products and services.

47.    As a result of continuous and extensive use and advertising by AEO, AEO's operating companies and/or Retail Royalty of goods and services under the AEO Flying Eagle Design Marks, the AEO Flying Eagle Design marks are strong and have become famous nationally, and in the State of Ohio, since a time before American Cab began using the design.

48.    The flying eagle design used by American Cab on taxi-cabs in commerce will cause dilution in the State of Ohio of the distinctive quality of AEO's/Retail Royalty's famous AEO Flying Eagle Design Marks, and will cause tarnishment in the State of Ohio of the reputation of the AEO Flying Eagle Design Marks all in violation of the common law of the State of Ohio

49.    Upon information and belief, American Cab has willfully used and continues to use the AEO Flying Eagle Design Marks on taxi-cabs knowing that such use dilutes the distinctive quality, and tarnishes the reputation, of AEO's/Retail Royalty's strong and famous AEO Flying Eagle Design Marks.  AEO and Retail Royalty are entitled to an award of their damages (trebled in view of the willful conduct by American Cab), an accounting and award of American Cab's profits, and the costs of the action.

14

50.    The acts of American Cab in willfully diluting the AEO Flying Eagle Marks renders this an exceptional case entitling AEO and Retail Royalty to an award of their reasonable attorneys' fees.

## COUNT VI
### (Violation of the Ohio Deceptive Trade Practices Act)

51.    The allegations of paragraphs 1-50 are incorporated by reference as though fully set forth herein.

52.    American Cab, by its conduct, has intentionally, willfully, and in bad faith appropriated AEO's and Retail Royalty's famous AEO Flying Eagle Design Marks.  The actions of American Cab were intended to pass off its taxi-cab services as those of AEO/Retail Royalty and/or to cause a likelihood of confusion or misunderstanding of consumers as to the source, sponsorship, or approval of American Cab's services, and to cause likelihood of confusion or misunderstanding of consumers as to the affiliation, connection, or association of American Cab with AEO/Retail Royalty, which constitute deceptive trade practices all in violation of O.R.C. § 4165.02.

53.    Upon information and belief, American Cab has willfully engaged in the conduct complained of herein knowing the same to be deceptive.

54.    The acts of American Cab complained of herein have caused irreparable harm and damage to AEO/Retail Royalty for which there is no adequate remedy at law and have caused AEO/Retail Royalty to suffer monetary damage in an amount thus far not determined.

55.    As a direct and proximate result of American Cab's willful deceptive trade practices, AEO and Retail Royalty are entitled to an award of their damages and an award of their attorneys' fees pursuant to O.R.C. § 4165.03(B).

## COUNT VII
### (Unfair Competition and Passing Off)

56.    The allegations of paragraphs 1-55 are incorporated by reference as though fully set forth herein.

57.    On information and belief, American Cab is operating a business that is offering taxi-cab services under the AEO Flying Eagle Design Marks with full knowledge of AEO's/Retail Royalty's prior use and registration of its AEO Flying Eagle Design Marks.  In so doing, American Cab has passed off its services as those of AEO/Retail Royalty by creating the impression among the public that the services offered by American Cab are licensed or sponsored by AEO/Retail Royalty, when in fact they are not.  American Cab has acted in bad faith and has misappropriated AEO's/Retail Royalty's valuable good will and public recognition of the AEO Flying Eagle Design Marks which have been developed over a period of many years by AEO, AEO's operating company and Retail Royalty in the State of Ohio and nationally, and American Cab has unlawfully benefited and been unjustly enriched by such activities.

58.    The use by American Cab of the AEO Flying Eagle Design Marks constitutes unfair competition under the common law of Ohio.  This use has injured the business reputation of AEO/Retail Royalty, has diluted the distinctive quality of the AEO Flying Eagle Design Marks, has damaged AEO/Retail Royalty in an amount not yet determined, and will cause irreparable harm, damage, and injury to AEO/Retail Royalty unless retrained and enjoined by this court.

59.    As a direct and proximate result of the unfair competition of American Cab, AEO and Retail Royalty are entitled to an award of their damages.

WHEREFORE, AEO and Retail Royalty pray:

A.    That this Court enter a decree holding that that American Cab has infringed AEO's U.S. Copyright No. VA 1-622-340, has infringed Retail Royalty's registered AEO Flying Eagle Design Marks under the federal law, has falsely designated the origin of its services under the federal laws, has diluted the distinctive quality of the famous AEO Flying Eagle Design Marks, has violated the Ohio Deceptive Trade Practices Act, and has competed unfairly;

B.    That American Cab, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from it, be preliminarily and permanently enjoined and restrained from:

(i)    any use of the AEO Flying Eagle Design;

(ii)    any use of the AEO Flying Eagle Design Marks, and of any other colorable imitation of the AEO Flying Eagle Design Marks, in connection with the provision of transportation services, and any other acts which will dilute or be likely to dilute the distinctive quality of the famous AEO Flying Eagle Design Marks; and

(iii)    representing or passing off by words or implications that it and/or any company or entity with which it is involved is affiliated or associated with, or sponsored or authorized by, AEO or Retail Royalty;

C.    That American Cab deliver up for destruction all advertising and promotional materials containing the AEO Flying Eagle Design, and be ordered to discontinue use of such on any vehicles, uniforms, signs, newspaper or other advertisements, telephone directory listings, Internet websites, bank accounts, and/or any other printed or otherwise published materials;

D.    That AEO be awarded its damages suffered as a result of American Cab's use of the copyrighted AEO Flying Eagle Design pursuant to 17 U.S.C. § 504(b), and that the Court

undertake an accounting of all profits of American Cab attributable to the infringement of the copyrighted AEO Flying Eagle design not taken into account in computing AEO's actual damages pursuant to 17 U.S.C. § 504(b), and that such profits be awarded to AEO or, alternatively, that AEO be awarded statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $150,000 for the willful infringement by American Cab;

E.      That AEO and Retail Royalty be awarded all profits realized by American Cab and all damages they sustained by reason of American Cab's trademark and service mark infringement, false designation of origin, violation of the Ohio Deceptive Trade Practices Act, unfair competition, and/or dilution, and that any such award be trebled in view of American Cab's willful conduct pursuant to 15 U.S.C. § 1117(a) and O.R.C. § 4165.03(B);

F.      That AEO and Retail Royalty be awarded prejudgment interest on all damages awarded by the Court;

G.      That this is an exceptional, willful, and flagrant case and that AEO and Retail Royalty be awarded the cost of this action and their reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a) and O.R.C. §4165.03(B); and

H.      For such other and further relief as the nature of the case may require and as may be deemed just and equitable.

## **JURY DEMAND**

Plaintiffs American Eagle Outfitters, Inc. and Retail Royalty Company hereby demand and request trial by jury of all issues that are triable by jury.


Dated:  February 6, 2013        /s/ Theodore R. Remaklus
                                        Theodore R. Remaklus
                                        Wood, Herron & Evans, L.L.P.
                                        2700 Carew Tower
                                        441 Vine Street
                                        Cincinnati, Ohio 45202
                                        Tel.:  (513) 241-2324
                                        Fax:  (513) 241-6234
                                        E-mail: tremaklus@whe-law.com
                                        Ohio Bar No. 0061557

                                        Counsel for Plaintiffs
                                        American Eagle Outfitters, Inc. and
                                        Retail Royalty Company

## <u>VERIFICATION</u>

        I hereby declare under penalty of perjury that I am Associate General Counsel for American Eagle Outfitters, Inc., and have the authority necessary to execute this verification; that I have personal knowledge that the statements set forth in this VERIFIED COMPLAINT AND JURY DEMAND are true; that the statements made on information and belief are believed to be true; and that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: 1/24/13

By: _____
       Rebecca Gibbs